UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATERPILLAR FINANCIAL SERVICES CORPORATION,<br><br>               Plaintiff,<br><br>v.<br><br>CHARTER CONNECTION CORPORATION, *in Personam*, PETE TERREBONNE, *in Personam*, PAMELA TERREBONNE, *in Personam*, and BELLE AMIE, O.N. 1170780, its Engines, Machinery, Appurtenances, etc., *in Rem*,<br><br>               Defendants. | Civil No. 07cv767-L(NLS)<br><br>**ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND (2) VACATING ORDER AUTHORIZING ISSUANCE OF ARREST WARRANT; AND (3) RECALLING VESSEL ARREST WARRANT** |

On April 26, 2007, Plaintiff filed a verified complaint styled as "Complaint to Foreclosure Preferred Ship Mortgages *in Rem* and *in Personam*." This action is brought pursuant to 46 U.S.C. § 31325 against the vessel Belle Amie, its owner Charter Connection Corporation, and the guarantors Pete and Pamela Terrebonne to collect payments due pursuant to a Promissory Note and Preferred Ship Mortgage, as well as the current Rescheduling Agreement and Amendment to Preferred Ship Mortgage. Plaintiff also seeks foreclosure of the vessel to pay the mortgage debt. Based on the complaint, Plaintiff simultaneously filed an Ex Parte Motion for Order Authorizing Issuance of Warrant for Arrest pursuant to Supplemental Rule C(3). On May 1, 2007, the motion was granted by another District Court Judge. On the same date, the case was transferred to this court.

Dockets.Justia.com

"[T]he need for a quick judicial response [is] usually considerable" in admiralty proceedings. 12 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3222 (2d ed. 1987). This is because "[t]he action in rem is needed to give effect to maritime liens, and those substantive rights might be eroded if the court's power to act quickly were obstructed by procedural requirements." *Id*. On the other hand, in rem actions, requiring a vessel arrest as the means of obtaining jurisdiction over the vessel, are considered drastic prejudgment remedies. *Id*. § 3242. The supplemental admiralty rules seek to balance the need for quick judicial action with the procedural-due-process protections against abuse of these remedies. *Id*.

Accordingly, the supplemental rules require judicial scrutiny before issuance of a warrant of vessel arrest. Supp. R. C(3)(a)(I); *see also* 12 Wright, *supra*, § 3222. "Rule C requires that a judicial officer examine the complaint and supporting papers and order issuance of a warrant only if justified by . . . 'a prima facie showing that the plaintiff has an action in rem against the defendant in the amount sued for and that the property is within the district.'" 12 Wright, *supra*, § 3222, *quoting* Advisory Comm. Note, 1985 Am. The purpose of this requirement is "to eliminate any doubt as to the rule's constitutionality." Supp. Fed. R. Civ. P. C, Advisory Comm. Note, 1985 Am.

In addition, a verified complaint is required to commence an *in rem* action to enforce a maritime lien. Supp. Fed. R. Civ. P. C(2). "The Supplemental Rules are silent on the correct form of verification. The courts must therefore look to the law of the state in which the district court is located to determine what constitutes proper verification." *United States v. $84,740.00 U.S. Currency*, 900 F.2d 1402, 1404 (9th Cir. 1990), rev'd on other grounds as recognized in *United States v. Real Property Located at 22 Santa Barbara Dr.,* 264 F.3d 860 (9th Cir. 2001). Under California law, the verification is generally required to be signed by the party. Cal. Code Civ. P. § 446(a). When a corporation is a party, as is the case here, "the verification may be made by any officer thereof." *Id*. The verification in this case is made by one Melissa Schuler. (Compl. at 6.) Nothing in the verification or the body of the complaint indicates her relation to Plaintiff. If Ms. Schuler signed in her capacity as Plaintiff's officer, the verification should so state. If Ms. Schuler did not sign in her capacity as Plaintiff's officer, then the verification must

state "the reasons why it is not made by one of the parties." Cal. Code Civ. P. § 446(a). In either case, the verification should follow the requirements of Section 446(a) with respect to verifications made on behalf of corporations. The verification in this case does not comply with any of these requirements.

In addition, Supplemental Rule E(2)(a) requires "the complaint . . . state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." "It thus requires a more particularized complaint than is demanded in civil actions generally, or even in admiralty actions in which the special remedies provided for in Supplemental Rule[ C] are not sought." 12 Wright, *supra*, § 3242. The requirement for added specifics is thought appropriate because of the drastic nature of those remedies, and to fortify the procedural-due-process protections against improper use of these remedies. *Id*. Plaintiffs often strive to comply with this requirement by attaching to the verified complaint the pertinent documents, such as the promissory note, preferred ship mortgage and other relevant document. This is not the case here. Although Plaintiff refers to numerous agreements and other documents on which this action is based, none are attached to the complaint. Accordingly, the complaint does not meet the particularity requirement.

Finally, the claims against *in personam* Defendants appear to be based on the alleged breach of promissory note and guaranty of payment. These claims appear to be governed by Federal Rules of Civil Procedure, rather than by the supplemental admiralty rules. *See* Supp. Fed. R. Civ. P. A. Pursuant to those rules, the *in personam* Defendants should have been served with Plaintiff's pleadings, since no reason was provided why notice should not be given. However, no proofs of service appear on the docket. Should Plaintiff file an amended complaint and renew its motions, it must follow the appropriate procedural rules not only with respect to the Belle Amie, but also with respect to the *in personam* Defendants.

For the foregoing reasons, the complaint is **DISMISSED WITH LEAVE TO AMEND**, the Order Authorizing Issuance of Warrant for Arrest is **VACATED**, and the in rem warrant for

/ / / / /

vessel arrest issued May 1, 2007 is hereby **RECALLED**.  Any amended complaint must be filed no later than 30 days after this order is stamped "Filed ."

**IT IS SO ORDERED.**

DATED: May 4, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL