UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATERPILLAR FINANCIAL SERVICES CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CHARTER CONNECTION CORPORATION, *in Personam*, PETE TERREBONNE, *in Personam*, PAMELA TERREBONNE, *in Personam*, and BELLE AMIE, O.N. 1170780, its Engines, Machinery, Appurtenances, etc., *in Rem*,<br><br>　　　　　　Defendants. | Civil No. 07cv767-L(NLS)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO GRANT *PRO HAC VICE* APPLICATION** |

　　　　On May 24, 2007, William D. De Voe, Esq., attorney admitted to practice and practicing in Seattle, Washington, submitted a *pro hac vice* application, which was denied because Michael A. Bracott, Esq., the counsel he designated as local counsel, does not maintain an office in this district but in Seattle, Washington. On June 21, 2007, Mr. De Voe filed a motion to grant his *pro hac vice* application.

　　　　Mr. Barcott is Plaintiff's counsel in this case. He is admitted to practice in this district because he is a member of the State Bar of California. *See* Civ. Loc. R. 83.3(c)(1). Mr. De Voe wants to be involved in this case along with Mr. Barcott due to his familiarity with the client, the area of the law and proximity of his office to Mr. Barcott's.

/ / / / /

The local rules of this district restrict the practice before this court to members of the bar of this court. Civ. Loc. R. 83.3(c)(2). Since Mr. De Voe is not a member of the State Bar of California, he can not be admitted to the bar of this court. Civ. Loc. R. 83.3(c)(1)(a). "Practice" for purposes of this rule, however, is limited to "enter[ing] appearances for a party, sign[ing] stipulations, or receive[ing] payment or enter[ing] satisfaction of judgment, decree or order." Civ. Loc. R. 83.3(b). In other respects, Mr. De Voe's involvement in the case is not affected..

To the extent Mr. De Voe wants to practice before this court in the manner described in Rule 83.3(b), he must seek permission to appear and participate in a particular case by filing a *pro hac vice* application. Civ. Loc. R. 83.3(c)(5). In such cases, the application form calls for a designation of local counsel. The judge assigned to the case may, in his or her discretion, "require an attorney appearing in this court [*pro hac vice*] and who maintains an office outside of this district to designate a member of the bar of this court who does maintain an office within this district . . .." Civ. Loc. R. 83.3(c)(6). Contrary to Mr. De Voe's argument, the purpose of this rule is to ensure ease of communication, service of papers and court appearances, as well as familiarity with the practice in this court. Accordingly, the court declines to exercise its discretion as requested.

For the foregoing reasons, the motion to grant *pro hac vice* application is **DENIED WITHOUT PREJUDICE**. Mr. De Voe may resubmit his application designating a local counsel as provided in Rule 83.3(c)(6).

**IT IS SO ORDERED.**

DATED: June 22, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL