UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATERPILLAR FINANCIAL SERVICES CORPORATION, | Civil No. 07cv767-L(NLS) |
| Plaintiff, | **ORDER GRANTING A.K. SUDA, INC.'S MOTION TO INTERVENE** |
| v. | |
| CHARTER CONNECTION CORPORATION, *in Personam, et al.*, | |
| Defendants. | |

This action was brought by Caterpillar Financial Services Corporation ("Caterpillar") to foreclose a preferred ship mortgage on the vessel Belle Amie.  A.K. Suda, Inc ("Suda") filed a motion to intervene as of right.  Suda alleges it had performed engineering, design and other services on Belle Amie prior to the date of Caterpillar's mortgage.  While Caterpillar seeks to recover the principal sum of over $3 million plus interest, costs and fees, and Suda seeks to recover over $479,000 plus interest, costs and fees against the same vessel.  Caterpillar filed a notice of non-opposition to Suda's motion.  Although Defendants have been served, they have not appeared in this action, and did not oppose the motion.  For the reasons which follow, the motion is **GRANTED**.

In its proposed Verified Complaint-in-Intervention, *in Rem* and *in Personam*, and Cross-Claim, Suda asserts claims for a maritime lien against Belle Amie, breach of contract against Defendant Charter Connection Corporation ("Charter"), and direct infringement of Suda's design under the Vessel Hull Design Protection Act against Charter.  (Gorman Decl. Exh. A at

1-10.)  Although the caption of Suda's complaint lists Charter's owners Pete and Pamela

Terrebonne as Defendants, Suda does not assert any claims against them due to their bankruptcy

filing and the resulting stay.  (*Id*. at 3-4.)  For the same reason, these parties have been dismissed

from the instant case.  (*See* Notice of Voluntary Dismissal of Defendants Peter Terrebonne and

Pamela Terrebonne, filed May 15, 2007.)  In addition, Suda seeks to assert cross-claims for

direct and contributory infringement of Suda's design under the Vessel Hull Design Protection

Act and unfair trade practices against Caterpillar.  (Gorman Decl. Exh. A at 10-13.)

Under Federal Rule of Civil Procedure 24(a)(2), a party is entitled to intervene as of right

"where (1) the intervention is timely; (2) the applicant has a significant protectable interest

relating to the property or transaction that is the subject of the action; (3) the disposition of the

action may, as a practical matter, impair or impede the applicant's ability to protect its interest;

and (4) the existing parties may not adequately represent the applicant's interest."  *Gonzalez v.*

*Arizona*, 485 F.3d 1041, 1051 (9th Cir. 2007) (internal quotation marks and citations omitted).

"In evaluating whether these requirements are met, courts are guided primarily by practical and

equitable considerations.  Further, courts generally construe the Rule broadly in favor of

proposed intervenors."  *United States v. Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002)

(internal quotation marks, brackets and citations omitted).  In ruling on a motion to intervene,

"all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint

or answer in intervention, and declarations supporting the motion are [taken] as true absent

sham, frivolity or other objections."  *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820

(9th Cir. 2001).

"Timeliness is a threshold requirement for intervention as of right" and "any substantial

lapse of time weighs heavily against intervention."  *League of United Latin Am. Citizens v.*

*Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (internal quotation marks and citations omitted).

Three factors are considered in determining whether a motion to intervene is timely:  "(1) the

stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other

parties; and (3) the reason and length of the delay."  *Id*. (internal quotation marks and citation

omitted).  The timeliness inquiry demands a pragmatic approach. *Id*. at 1303.  Suda brought the

1   instant motion approximately a month after Belle Amie was arrested, and a month and a half

2   after the filing of the amended complaint.  Other than the vessel arrest and clerk's entry of

3   default against Charter, no substantive proceedings have taken place in the case.  Given

4   Caterpillar's non-opposition and the non-appearance of Charter, no parties will be prejudiced by

5   the delay between the commencement of the action and the instant motion.  The motion was

6   therefore timely filed.

7          In support of the motion, Suda argues it has a significant protectable interest relating to

8   the Belle Amie, the property involved in this action.  "An applicant has a significant protectable

9   interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a

10  relationship between its legally protected interest and the plaintiff's claims.  The relationship

11  requirement is met if the resolution of the plaintiff's claims actually will affect the applicant.

12  The interest test is not a clear-cut or bright-line rule, because no specific legal or equitable

13  interest need be established.  Instead, the interest test directs courts to make a practical, threshold

14  inquiry, and is primarily a practical guide to disposing of lawsuits by involving as many

15  apparently concerned persons as is compatible with efficiency and due process.  *Los Angeles*,

16  288 F.3d at 398 (internal quotation marks and citations omitted).  Suda alleges it has a maritime

17  lien on Belle Amie arising from services predating Caterpillar's preferred ship mortgage.  Suda

18  therefore has a significant protectable interest in this action.

19         Suda further maintains that the disposition of this action may, as a practical matter, impair

20  or impede its ability to protect its interest because both Suda and Caterpillar intend to enforce a

21  maritime lien against the same vessel.  Suda alleges its lien arises from services which predate

22  Caterpillar's mortgage, and that its participation in this action is necessary to protect its interest

23  and adjudicate the priority of the claims.  A sale of the vessel in this proceeding without Suda's

24  participation may prevent it from enforcing its lien and adjudicating the priority of its claim in

25  the vessel, since the sale by the Marshal terminates all maritime liens against the vessel.  *See* 46

26  U.S.C. § 31326(a).  ("When a vessel is sold by order of a district court in a civil action *in rem*

27  brought to enforce a preferred mortgage lien or a maritime lien, any claim in the vessel existing

28  / / / / /

07cv767

on the date of sale is terminated . . . and the vessel is sold free of all those claims.")[1]  The court therefore finds that Suda's ability to protect its interest in the vessel may be impaired if it is not granted leave to intervene in this action.

Finally, three factors are considered to determine whether the existing parties adequately represent an applicant's interest: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect. . . . The requirement of inadequate representation is satisfied if the applicant shows that representation of his interest by existing parties may be inadequate." *Los Angeles*, 288 F.3d at 398 (internal quotation marks, brackets and citations omitted).  Caterpillar and Suda's claims compete for priority.  Moreover, in its proposed complaint in intervention, Suda intends to assert cross-claims against Caterpillar. Suda's interests in this action are therefore adverse to Caterpillar's.  Caterpillar therefore cannot adequately represent Suda's interests herein.

For the foregoing reasons, it is hereby **ORDERED** as follows:

1.  A.K. Suda, Inc.'s motion to intervene is **GRANTED**.

2.  A.K. Suda, Inc. shall be permitted to intervene in this action as party plaintiff and to be heard herein with respect to its claims against the vessel Belle Amie, her owner Charter Connection Corporation and Plaintiff Caterpillar Financial Services Corporation.

3.  No later than **August 6, 2007**, A.K. Suda shall file its complaint in intervention and cross claim, and effect prompt service on all parties as required by law.  A.K. Suda shall remove from the caption of its complaint Defendants Pete Terrebonne and Pamela Terrebonne, because it asserts no claims against them, and they had been dismissed from the instant action.

**IT IS SO ORDERED.**

DATED:  July 26, 2007

_M. James Lorenz_
M. James Lorenz
United States District Court Judge

___

[1]      With some exceptions, the terminated claims attach in the same amounts and according to the same priorities to the proceeds of the sale.  46 U.S.C. § 31326(b).

07cv767

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

07cv767